0180

GREENVILLE HOUSING AUTHORITY OF The CITY OF GREENVILLE, By Darcus CARLTON, Agent, Respondent, v. Lena MASSEY, Appellant.

(316 S. E. (2d) 722)

Court of Appeals

*Robert N. Jenkins* of *Legal Services Agency of Western Carolina, Inc.*, Greenville, *for appellant.*

*Joseph M. Jenkins, Jr.* of *Horton, Drawdy, Hagins, Ward & Johnson*, Greenville, *for respondent.*

May 25, 1984.

CURETON, Judge:

This is an ejectment action initiated in magistrate's court by the respondent, Greenville Housing Authority, against the appellant, Lena Massey. The jury rendered a verdict for the Authority which verdict was affirmed on appeal to the circuit court. The case is before us on Ms. Massey's assertions that the circuit court erred in sustaining the magistrate's rulings denying her request for additional jury instructions and her motion to depose witnesses. We affirm.

The Authority is a municipal corporation which operates low-income housing under the United States Housing Act of 1937, 42 U.S.C. Section 1401, *et seq.*, and the regulations prom-

ulgated thereunder. Ms. Massey rents an apartment from the Authority under a lease agreement which requires, among other things, that she "conduct [herself] ... in a manner which will not disturb [her] neighbor's peaceful enjoyment of his accommodations. ..."

The Authority seeks to evict Ms. Massey for violating the above-stated provision of her lease by discharging a firearm in her apartment which injured her guest. Ms. Massey asserts that termination of her lease is controlled by Department of Housing and Urban Development (HUD) regulations, that these regulations permit termination for "good cause," and that the Authority lacks "good cause" to evict her since she discharged the gun in self-defense.

Prior to trial, Ms. Massey sought to depose several employees of the Authority. The magistrate granted the Authority's motion to quash the notices of deposition, finding that there is no provision for the taking of depositions in the magistrate's court.

During trial and after the presentation of the evidence, Ms. Massey requested that the magistrate charge on the provisions of 24 C.F.R. Section 866.4(L) which, she argued, limits the Authority's discretion in terminating a tenant's lease. The magistrate denied the motion and the jury returned a verdict for the Authority.

Ms. Massey appealed to the circuit court, assigning as error the magistrate's rulings on the motions to quash the notices of deposition and to charge the requested instructions. The circuit court sustained the magistrate's order quashing the notices of deposition, first because the court found no authority for discovery by deposition in the magistrate's court, and second, because Ms. Massey failed to show prejudice resulting from the refusal to allow the depositions. The circuit court further held that the magistrate's refusal to charge the provisions of the federal regulation was not error since the provision appeared verbatim in the lease which was admitted into evidence. Ms. Massey appeals the decision of the circuit court and reasserts the contentions raised below.

Ms. Massey first contends that Rule 87 of the Rules of Practice for the Circuit Courts of South Carolina should be held to apply in the magistrate's court pursuant to the South Carolina Constitution, Article V, Section 1. In relevant part, Article V, Section 1 provides:

The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law.

Magistrate's courts are part of the state's uniform judicial system. *State ex rel. McLeod v. Crowe,* 272 S. C. 41, 249 S. E. (2d) 772 (1978).

Essentially, Ms. Massey asserts that since uniform jurisdiction, fees, procedures and rules must be maintained within each level of court and since both the circuit court and the magistrate's court have concurrent jurisdiction in ejectment actions, the Rules of Practice for the Circuit Courts should be held to apply to magisterial courts. We disagree.

Nothing in the Constitution requires or permits the construction argued by Ms. Massey. On the contrary, Article V, Section 4 of the Constitution specifically directs the South Carolina Supreme Court to make appropriate rules governing the practice and procedure of the various courts of the state. Under authority of this provision, the Supreme Court has promulgated Circuit Court Rule 87 and Family Court Rule 22 which authorize depositions in those courts in certain circumstances. Neither the Supreme Court nor the General Assembly has provided that depositions be permitted in the magistrate's court. This Court's recognition of a litigant's right to a deposition in the magistrate's court would itself be a contravention of the policies of the unified court system and the constitutional provision relied on by Ms. Massey. *See State v. Duncan,* 274 S. C. 379, 264 S. E. (2d) 421 (1980). We hold, therefore, that there is no right to depose witnesses in the magistrate's court.

Ms. Massey next contends that the Authority's discretion in terminating leases is circumscribed by 24 C.F.R. Section 866.4(L) which provides:

The lease . . . shall provide:
(1) That the PHA [public housing agency] shall not terminate . . . the lease other than for a serious or repeated violation of material terms of the lease such as failure to make payments due under the lease or to fulfill the tenant obligations set forth in Section 866.4(f) or for other good cause.

Ms. Massey argues that the jury should have been charged, based on this regulation, that the Authority could terminate her lease only if her actions amounted to a material breach or constituted other good cause for termination. Again, we disagree.

A trial court is not required to charge a request by a litigant which is irrelevant to the case as proved. *Clarke v. Swearingen*, 6 S. C. 291 (1875). The court is only required to charge on the law framed by the issues raised in the pleadings and developed by the evidence in support of those issues. *Tucker v. Reynolds*, 268 S. C. 330, 233 S. E. (2d) 402 (1977). Moreover, where the refusal to charge is asserted as the basis for reversal of a verdict, the burden is on the person asserting error to show harm prejudicial to his chances of success. *Smith v. Winningham*, 252 S. C. 462, 166 S. E. (2d) 825 (1969).

The federal regulation at issue sets forth provisions required to be in a public housing agency lease. Since all the evidence shows that the lease in fact included the provision, and since Ms. Massey didn't allege or argue that the lease itself violated this regulation, we fail to see how the regulation was relevant to issues raised by her.

Consequently, for the reasons stated, the judgment of the circuit court is

Affirmed.

GARDNER and GOOLSBY, JJ., CONCUR.