24143

OTIS ELEVATOR, INC., Respondent-Appellant v. HARDIN
CONSTRUCTION COMPANY GROUP, INC., Appellant-Respondent.

(450 S.E. (2d) 41)

Supreme Court

*Robert E. Salane* and *R. Lewis Johnson,* both of *Barnes, Alford, Stork & Johnson,* Columbia, *for appellant-respondent.*

*William O. Sweeny, III,* of *Sweeny, Wingate, Murphy & Barrow,* Columbia, *for respondent-appellant.*

Heard June 10, 1994.

Decided Sept. 19, 1994; Reh. Den. Nov. 21, 1994.

GOOLSBY, Acting Justice:

In this action for indemnification brought by Otis Elevator, Inc. against Hardin construction Company Group, Inc., Hardin Construction appeals from the jury's verdict, and Otis Elevator appeals from the trial court's order reducing the verdict. We affirm the jury's verdict against Hardin Construction, reverse the trial court's order reducing the verdict, and remand.

Hardin Construction was a general contractor for the Palmetto Center in Columbia. Otis Elevator was Hardin Construction's elevation subcontractor. While Otis Elevator completed installation of the elevators, it permitted Hardin Construction to use one of the elevators on a temporary basis to transport people and materials. The parties executed a "Temporary Acceptance Agreement" regarding the use of the elevator. The Temporary Acceptance Agreement reads in part,

> [Hardin Construction] . . . assume[s] complete responsibility for any accident to persons or property, howsoever caused, and will indemnify and save [Otis Elevator] harmless against all loss, damage, claims, liability or expenses arising therefrom, except such loss, damage, claims, liability or expense as may be occasioned by [Otis Elevator's] acts or omission.

Under the terms of the Temporary Acceptance Agreement, Hardin construction also agreed to "provide a competent operator" for the elevator.

A special key was required to operate the elevator. Otis Elevator gave the key to Hardin Construction. Although Hardin Construction was not supposed to give the key to its subcontractors, one of Hardin Construction's security guards gave it to a carpeting subcontractor, Michael Baldwin Smith. Using the key, Smith opened the doors to the elevator, stepped through the open doors into what he mistakenly believed was the elevator, fell approximately 20 feet down the elevator shaft, and landed on concrete pylons at the bottom of the shaft. Smith sustained serious injuries as a result of the fall.

Smith brought suit against Otis Elevator alleging negligence, strict liability, and breach of warranties. Otis Elevator sent a letter to Hardin Construction notifying it of Smith's claim and requesting it to defend and indemnify Otis Elevator. Hardin Construction refused.

After a twelve-day trial, the jury deliberated for four hours, at which point Otis Elevator agreed to settle Smith's claim for $892,000.[1] Otis Elevator thereafter brought the instant action against Hardin Construction for indemnification.

In the action for indemnification, the jury returned a verdict against Hardin Construction for $892,000, the amount of the settlement paid by Otis Elevator to Smith. In response to a special interrogatory, the jury found no act or omission of Otis Elevator caused Smith's injuries. Pursuant to Hardin Construction's posttrial motion, the trial court reduced the jury's verdict against Hardin Construction to $250,000, to offset the amount paid to Smith by Otis Elevator's insurer, Liberty Mutual Insurance Company.

## I. Hardin Construction's Appeal

### A.

Hardin Construction first argues Otis Elevator was not entitled to indemnity under the terms of the Temporary Acceptance Agreement because "the only basis of Smith's claims were . . . the alleged acts and omissions of

---

[1] This figure represents $750,000 in damages plus $142,000 in attorney fees and costs.

Otis [Elevator] alone." This argument lacks merit because Smith's allegations are not determinative of whether Hardin Construction was required to indemnify Otis Elevator; "[r]ather, such a determination is based on the evidence and the facts found by the fact finder." *Griffin v. Van Norman*, 302 S.C. 520, 524, 397 S.E. (2d) 378, 380 (Ct. App. 1990). In the instant action, the jury found by special interrogatory that no acts or omissions of Otis Elevator caused Smith's injuries. The evidence supports the jury's finding.

Although Smith, among other things, alleged Otis Elevator was negligent in "failing to provide an attendant or someone to oversee the use of the elevator," the evidence in this action indicates Hardin Construction, not Otis Elevator, had the duty, under the parties' Temporary Acceptance Agreement, to "provide a competent operator" for the elevator at the time Smith attempted to use it and Hardin Construction failed to provide one.

Otis Elevator, therefore, is entitled to indemnity from Hardin Construction. *See id.* at 523-24, 397 S.E. (2d) at 380 ("[I]f the wrongful act of the defendant has involved the plaintiff in litigation with others or placed him in such relation with others as makes it necessary to incur expenses to protect his interest, such expenses should be treated as the legal consequence of the original wrongful act and may be recovered.... Where ... the person seeking indemnity was exonerated at trial from all liability is allowed.").

### B.

Hardin Construction also argues Otis Elevator was not ■ entitled to indemnity because Smith sued Otis Elevator "solely in [Otis Elevator's] capacity as a manufacturer/seller of a defective product rather than in its capacity as [Hardin Construction's] subcontractor." In light of Smith's allegation that Otis Elevator was negligent in "failing to provide an attendant or someone to oversee the use of the elevator," we find this argument is without merit.

### C.

Hardin Construction argues Otis Elevator was not entitled to indemnity because Otis Elevator voluntarily paid Smith an unreasonable settlement amount.

We disagree.

An innocent indemnitee who has been sued by a third party may recover the cost of settling a case:

> (1) If the settlement is bona fide, with no fraud or collusion by the parties; (2) if, in the circumstances, the decision to settle is a reasonable means of protecting the innocent party's interest; and (3) if the amount of the settlement is reasonable in light of the third party's estimated damages and the risk and extent of defendant's exposure if the case is tried.

*Id.* at 523, 397 S.E. (2d) at 380.

Where, as here, the indemnitee gave the indemnitor notice and an opportunity to participate in the litigation, the indemnitee is not "required to prove the plaintiff's *actual* ability to recover the amount paid in settlement so long as the indemnitee proves that he was *potentially* liable to the plaintiff." 42 C.J.S. *Indemnity* § 24, at 113-14 (1991) (Emphasis added.).

In Smith's trial against Otis Elevator, Smith produced evidence of $1,000,000 in lost income, $66,000 in medical expenses, and pain and suffering. Otis Elevator settled the case, as we noted, following a lengthy trial and after jury deliberations had begun.

In the indemnification action, William Pope, an attorney, testified as an expert for Otis Elevator. Pope has 33 years experience as an attorney, is a former President of the South Carolina Bar Association, was a state delegate to the American Bar Association, and is a member of the American College of Trial Lawyers. When asked by counsel for Otis Elevator whether he had an opinion "as to whether the amount of the settlement was ... reasonable in light of Smith's estimated damages and the risk of exposure," Pope testified the settlement was, in his opinion, reasonable. In reaching this conclusion, Pope testified he specifically took into account "all of the evidence that had been admitted," the amount Otis Elevator could be required to pay Smith as damages if the jury found "a clear case of liability," the length of the trial, and the point at which the parties agreed to settle.

## D.

Hardin Construction next asserts the trial court committed prejudicial error in refusing to allow Hardin Construction to offer evidence through Liberty Mutual's adjusters that attacked the reasonableness of Otis Elevator's settlement with Smith. We need not address this issue because Hardin Construction failed to make a proffer of the evidence that the adjusters would have given had they been allowed to testify. *Greenville Memorial Auditorium v. Martin*, 301 S.C. 242, 391 S.E. (2d) 546 (1990); *Honea v. Prior*, 295 S.C. 526, 369 S.E. (2d) 846 (Ct. App. 1988).

## E.

Hardin Construction also asserts the trial court erred in excluding from the evidence the release given by Smith to Otis Elevator in settlement of Smith's claim and the testimony of Frank Grier, III, Smith's attorney in the action brought by Smith against Otis Elevator. According to Hardin Construction, the release and Grier's Testimony constituted evidence that shows "a portion" of the Otis Elevator's settlement with Smith consisted of potential discovery sanctions against Otis Elevator, sanctions for which Hardin Construction argues it should not be held liable.

During Otis Elevator's motion *in limine,* Hardin Construction proffered the release and the testimony of Grier. The release states Smith discharged Otis Elevator "of and from any and all causes of action, claims, demands, costs and all claims of any nature and kind whatsoever, including monetary sanctions." Grier explained in his testimony, however, the potential discovery sanctions, that were neither assessed nor imposed by the trial court, were not a portion of the sum Otis Elevator paid to Smith to settle Smith's action.[2] Inasmuch as the trial court's exclusion of the proffered evidence did not preju-

---

[2] The following colloquy took place between the trial court and Smith's attorney:

THE COURT: All right, let me ask you this, let's say for example that if you could have come back with an affidavit [of expenses supporting a $25,000 sanction,] . . . [d]id you just lose that money when you settled the case? . . . Did you just give that up?

ATTORNEY: Yes Sir, that was the consideration for settling the case for $750,000.

dice Hardin Construction, we find no reversible error. *See Gold Kist v. Citizens and Southern Nat'l Bank of S.C.*, 286 S.C. 272, 333 S.E. (2d) 67 (Ct. App. 1985) (absent a showing of prejudice, an appellate court will not reverse a judgment for an alleged error in the exclusion of evidence).

## F.

Hardin Construction next argues the trial court erred in failing to instruct the jury on the law applicable to negligence, strict liability, and breach of warranty.

At trial, Hardin Construction contended the jury needed the instructions to determine Otis Elevator's liability in the instant action. The trial court refused Hardin Construction's request. Instead, the trial court submitted a special interrogatory to the jury that inquired whether Smith's injuries were caused by the "acts or omissions" of Otis Elevator.

The party complaining of the trial court's refusal to give a requested instruction bears the burden of demonstrating prejudice. *City of Greenville v. Massey*, 281 S.C. 618, 316 S.E. (2d) 722 (Ct. App. 1984). Hardin Construction failed to satisfy this burden.

Otis Elevator, as instructed by the trial court in its special interrogatory, faced liability for any loss or damage "occasioned by [Otis Elevator's] acts or omissions." As thus defined, Otis Elevator's potential liability was significantly broader than its potential liability under theories of negligence, strict liability, and breach of warranty. Hardin Construction, therefore, is in no position to complain about the trial court's failure to give its requested instructions. *Cf. Anderson v. Elliott*, 228 S.C. 371, 90 S.E. (2d) 367 (1955) (a party may not base error on an instruction that is more favorable than that to which he is entitled).

## G.

Finally, Hardin Construction argues the trial court inadequately charged the jury on concurring and contributing proximate cause. We find its charge in this regard was minimally sufficient. Moreover, Hardin Construction suffered no prejudice, irrespective of the sufficiency of the trial court's charge on concurring and contributing proxi-

mate cause. The jury expressly found Otis Elevator committed *no* acts or omissions that brought about Smith's injuries.

## II. Otis Elevator's Appeal

Otis Elevator contends the trial court erred in reducing the jury's verdict to $250,000 to offset the amount that Otis Elevator's insurer, Liberty Mutual, paid in Smith's action.[3] We agree.

In our view, Hardin Construction should not receive the benefit of an insurance contract for which Otis Elevator paid the premiums. Accordingly, "if one party is entitled to indemnity from another, the right to indemnity is not defeated by the fact that the loss to be indemnified for was actually paid by an insurance company." *Tillman v. Wheaton-Haven Recreation Ass'n*, 580 F. (2d) 1222, 1230 (4th Cir. 1978). *See List & Clark Constr. Co. v. McGlone*, 296 S.W. (2d) 910 (Mo. App. 1956) (wherein the court held a contractor was entitled to indemnity from a subcontractor for expenses it incurred in defending an action by a third party even though the contractor was reimbursed by its insurer for the costs of litigation); *see also Alyeska Pipeline Serv. Co. v. H.C. Price Co.*, 694 P. (2d) 782 (Alaska 1985) (wherein in the court applied the collateral source rule to a contractual indemnity provision); *General Accident Fire & Life Assurance Corp. v. Smith and Oby Co.*, 272 F. (2d) 581 (6th Cir. 1959) (where a subcontractor indemnified a general contractor against injuries to the subcontractor's employees, and the general contractor's insurer settled a claim with an injured employee of the subcontractor, the general contractor's insurer was permitted to recover from the subcontractor the settlement amount it paid plus costs and attorney fees); *cf. Johnston v. Aiken Auto Parts*, — S.C. —, 428 S.E. (2d) 737, 738 (Ct. App. 1993) ("[A] wrongdoer is not entitled to have the damages for which the wrongdoer is liable reduced by proving that the plaintiff will receive compensation or indemnity for the loss from a collateral source, wholly independent of the wrongdoer.").

We therefore reverse the trial court's order reducing the

---

[3] The record reveals, under the terms of the insurance contract between Liberty Mutual and Otis Elevator, Liberty Mutual is subrogated to any recovery Otis Elevator has against Hardin Construction.

verdict and remand for an entry of judgment in accordance with this opinion.

Affirmed in part, reversed in part, and remanded.

FINNEY, Acting, C.J., MOORE, J. and BRUCE LITTLEJOHN and M.D. SHULER, Acting Associate Justices, concur.