THE STATE OF SOUTH CAROLINA

THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Thurmond Guess,       
Appellant,
 
 
 

v.

 
 
 
Benedict College et al,       
Respondent.
 
 
 

Appeal From Richland County
Joseph M. Strickland, Special Circuit 
 Court Judge

Unpublished Opinion No. 2003-UP-404
Submitted April 18, 2003  Filed 
 June 17, 2003

AFFIRMED

 
 
 
Thurmond Guess, of Columbia, pro se.
 Charles E. Carpenter, Jr., Georgia Anna Mitchell, 
 and S. Elizabeth Brosnan, all of Columbia, for respondent.
 
 
 

PER CURIAM:  Thurmond Guess sued Benedict 
 College, alleging fraud and bad faith arising out of Guess failure to receive 
 matching funds for money he deposited into a special savings account as part 
 of a grant Benedict College received from the U.S. Department of Labor to assist 
 non-custodial parents in becoming gainfully employed.  Benedict College filed 
 a motion for summary judgment and a motion for sanctions seeking attorney fees 
 and costs in defending the action pursuant to the South Carolina Frivolous Civil 
 Proceedings Sanctions Act.  The judge granted both motions and awarded Benedict 
 College $14,304.45 for attorney fees and costs.  Guess filed a motion to alter 
 or amend the judgment, in which the judge denied.  Guess appeals, arguing the 
 judge erred in granting Benedict Colleges motion for summary judgment and the 
 judge abused his discretion by denying Guess motion to alter or amend the judgment 
 without holding a hearing.
We affirm 
 [1] pursuant to S.C. Code Ann. § 14-8-250 (Supp. 2002), Rule 220(b)(2), 
 SCACR, and the following authorities:  I.  Summary Judgment:  Rule 56(c), 
 SCRCP (summary judgment is appropriate when the pleadings, depositions, answers 
 to interrogatories, and admissions on file, together with the affidavits, if 
 any, show that there is no genuine issue as to any material fact and that the 
 moving party is entitled to a judgment as a matter of law); Young v. South 
 Carolina Dept of Corrections, 333 S.C. 714, 511 S.E.2d 413 (Ct. App. 1999) 
 (holding summary judgment is appropriate when it is clear there is no genuine 
 issue of material fact and the moving party is entitled to judgment as a matter 
 of law); Vermeer Carolinas, Inc. v. Wood/Chuck Chipper Corp., 336 S.C. 
 53, 518 S.E.2d 301 (Ct. App. 1999) (stating that in determining whether any 
 triable issues of fact exist, the evidence and all reasonable inferences there 
 from must be viewed in the light most favorable to the party opposing summary 
 judgment).
II.  Motion to Alter or Amend the Judgment:  Rule 59(f), SCRCP (The motion 
 may in the discretion of the court be determined on briefs filed by the parties 
 without oral argument.); Zabinski v. Bright Acres Assocs., 346 S.C. 
 580, 553 S.E.2d 110 (2001) (An abuse of discretion occurs when a trial court's 
 decision is unsupported by the evidence or controlled by an error of law.).  

AFFIRMED.
CONNOR, ANDERSON, and HUFF, JJ., concur.

 
 
 
 [1] We decide this case without oral argument pursuant to Rule 215,
 SCACR.