THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 David L. Hess
 and Ceferina G. Hess, Appellants,
 v.
 Janice D.
 Norton and James C. Daniel (children of Jane D. Crum) and Russell M.
 Lawrence, Defendants,
 of whom:
 Janice D.
 Norton and James C. Daniel are Respondents.
 
 
 

Appeal From Greenwood County
Wyatt T. Saunders, Jr., Circuit Court
 Judge
Unpublished Opinion No. 2008-UP-123
Submitted December 1, 2007  Filed
 February 19, 2008
AFFIRMED

 
 
 
 David L. Hess and Ceferina G. Hess, Pro Se, of Greenwood, for Appellants.
 Donna J. Jackson, of Clinton, for Respondents.
 
 
 

PER CURIAM:  David
 and Ceferina Hess (Appellants) appeal the circuit courts granting of summary
 judgment in favor of James Daniel and Janice Norton (collectively Heirs).  Appellants
 contend the oral statements made to them at the time of the purchase together
 with the subsequent sworn affidavit by Jane Crum are enough to support
 Appellants claim of title to the twelve and one-half feet of the alleyway
 located beyond the edge of their residence.  We affirm the circuit courts grant
 of summary judgment.
FACTS
This matter arises from a property
 boundary dispute in Greenwood, South Carolina.  Mack and Jane Crum
 (collectively Crums) owned two parcels of land bordering Lawson Street. 
 Separating the two parcels in the rear of each is a twenty-five foot alleyway,
 which runs perpendicular to and dead ends into Lawson Street, extending in the
 opposite direction in a similar fashion between properties not subject to this
 suit.  In 1984, the Crums brought an action seeking to close the alley to public
 use, and transfer its ownership to the property owners.  In an order dated July
 23, 1984, Judge James E. Moore ruled in favor of the Crums, finding this
 street or alley [is] closed and that title to the twenty-five (25) foot width
 thereof shall rest in the abutting property owners to the center line thereof,
 that is, twelve and one-half (12.5) feet.  Significantly, the order referenced
 a 1927 plat prepared by T.C. Anderson, which found Crums residence on one side
 of the alleyway encroached over the property line, and thus onto the alleyway,
 by 7.2 feet.  Because the Crums owned the properties on either side of the
 alleyway, title of the entire section of the alley between the two properties thereafter
 rested with them.
In
 1986, the Crums began renting the house located on one side of the alleyway to
 Appellants.  During the rental period, Appellants used the alleyway as a
 driveway to park their cars.  In May of 1988, Appellants purchased the same
 rental property from the Crums.  Included in the deed was the title to the 12.5
 feet or as much as would extend to the center line of the alleyway, and the
 deed specifically referenced the 1984 order of Judge Moore.  Additionally,
 Appellants admit their attorney examined the title to the subject property at
 the time of the purchase, and that they were aware of the 1984 order.  
Thereafter,
 the Crums indicated verbally, and Jane Crum committed to writing in an
 affidavit, that the sale of the property to Appellants included half the
 alleyway.  Further, it is uncontested that after the sale to Appellants, the
 Crums verbally and demonstrably indicated the extent of the alleyway intended
 to be included in the sale.  However, this oral indication was not memorialized
 until Jane Crum executed an affidavit in 1999.  Ms. Crum later recanted the
 affidavit, primarily because she admittedly had not seen the survey on record prior
 to signing the affidavit which showed Appellants residence encroached over
 their actual property boundary, 7.2 feet into the twenty-five foot alleyway.
In 1994, the Crums sold the remaining property located on the
 other side of the alleyway to Russell Lawrence.  Although it is not included in
 the record, testimony indicates Lawrence was given title to the other half of
 the twenty-five foot alleyway.  Shortly after his purchase, Lawrence erected a
 fence along the alleyway, and attempted to keep the Appellants off his
 property.  A property line dispute ensued, and Lawrence ordered a survey of the
 two lots by Eugene Adams, which revealed both that the alleyway was equally
 divided, and that Appellants house extended over the property line into the
 alley.  The dispute between the two parties continued, and in 1999, Appellants
 commissioned a second survey by Adams.  The second survey similarly showed the
 divided alleyway, and an encroachment of 7.2 feet by the Appellants house into
 the alleyway, which corroborated the 1927 plat referenced in Judge Moores
 order.
As a result of the second survey, Appellants contacted Jane Crum
 in an attempt to memorialize the above-mentioned oral indication of Appellants
 rights in the alleyway.  Ms. Crums 1999 affidavit attests she and her husband
 explicitly showed and pointed . . . the extent of the alleyway included in the
 sale and references Judge Moores order for the proposition that the Crums had
 legal title in the alleyway to transfer.  In June of 2001, Appellants filed a
 complaint against Jane Crum, her husband being deceased, and Lawrence, seeking
 to reclaim the portion of the alleyway to which they believed they were
 entitled.  Pursuant to an agreement between the attorney for Lawrence and the attorney
 for Appellants at the time, the complaint against Lawrence was dismissed with
 prejudice on February 14, 2003.
It appears from the record that no request for a hearing was ever
 made, and in June of 2003, Jane Crum passed away.  Appellants were subsequently
 advised of Crums death but appear not to have pursued the matter further.  On
 November 28, 2005, the circuit court judge dismissed the action, but allowed
 Appellants ninety days to substitute Crums estate and personal representative
 in her place.  On January 27, 2006, Appellants, now acting pro se,
 filed a motion for a continuance, and a motion to substitute the Heirs as
 defendants.  At a hearing a month later, Judge Howard P. King granted both the
 motion for a thirty-day continuance, and the motion to substitute Crums heirs
 in her stead.  
On April 4, 2006, Appellants filed an amended complaint
 substituting Heirs, as the children and surviving heirs of Crum, in addition to
 Lawrence, as defendants to the complaint.  Thereafter, Lawrence made a Rule 12(b)(6),
 SCRP, motion to dismiss based on res judicata, and Heirs made a Rule 56, SCRP,
 motion for summary judgment.  Both motions were granted, and Appellants appeal
 only the summary judgment motion in favor of Heirs.   
STANDARD OF REVIEW
When reviewing the grant of a summary judgment motion,
 this court applies the same standard of review as the trial court under Rule
 56, SCRCP.  Cowburn v. Leventis, 366 S.C. 20, 30, 619 S.E2d 437, 443
 (Ct. App. 2005).  Summary judgment is proper when there is no issue as to any
 material fact and the moving party is entitled to a judgment as a matter of
 law.  Rule 56(c), SCRCP.  Helms Realty, Inc. v. Gibson-Wall Co., 363 S.C.
 334, 340, 611 S.E.2d 485, 488 (2005).  To determine whether any triable issues
 of fact exist, the reviewing court must consider the evidence and all
 reasonable inferences in the light most favorable to the non-moving party.  Law
 v. S.C. Dept of Corr., 368 S.C. 424, 434, 629 S.E.2d 642, 648 (2006). 
 When plain, palpable, and indisputable facts exist on which reasonable minds
 cannot differ, summary judgment should be granted.  Ellis v. Davidson,
 358 S.C. 509, 518, 595 S.E.2d 817, 822 (Ct. App. 2004).
On the other hand, summary judgment is not appropriate
 where further inquiry into the facts of the case is desirable to clarify the
 application of the law.  Vermeer Carolinas, Inc. v. Wood/Chuck Chipper Corp.,
 336 S.C. 53, 59, 518 S.E.2d 301, 305 (Ct. App. 1999).  All ambiguities,
 conclusions, and inferences arising from the evidence must be construed most
 strongly against the moving party.  Bayle v. S.C. Dept of Transp., 344
 S.C. 115, 120, 542 S.E.2d 736, 738 (Ct. App. 2001).  Even when there is no
 dispute as to evidentiary facts, but only as to the conclusions or inferences
 to be drawn from them, summary judgment should be denied.  See Hall
 v. Fedor, 349 S.C. 169, 173-74, 561 S.E.2d 654, 656 (Ct. App. 2002). 
 Summary judgment is a drastic remedy; it should therefore be cautiously invoked
 to prevent the improper deprivation of a trial of the disputed factual
 issues.   Lanham v. Blue Cross & Blue Shield, 349 S.C. 356, 363, 563
 S.E.2d 331, 336 (2002).
LAW/ANALYSIS
Appellants first
 contend the circuit court erred in granting summary judgment on the basis that the
 grant of use of the alleyway in perpetuity was not reduced to writing, as
 required by the Statute of Frauds.  Appellants contend the written deed of sale
 and Crums 1999 affidavit referencing the twelve and one-half foot portion of
 the alleyway created a genuine issue of material fact.  We disagree. 
Section 27-35-20 of
 the South Carolina Code (1976) provides any agreement for the use or occupation
 of real estate for more than one year shall be void unless in writing.  It is
 established that Appellants received title to twelve and one-half feet of the
 alleyway that ran behind their property when the Crums sold the property to
 them in 1988.  However, it appears Appellants, deciding not to have the property
 surveyed at the time of purchase, believed that the twelve and one-half feet
 deeded to them began from the edge of their house and extended into the
 alleyway.  As described above, Appellants deed referenced Judge Moores order,
 in which then-petitioner Crum testified a portion of her residence encroached by
 some 7.2 feet into the twenty-five foot alleyway.  
Appellants contend
 the Crums orally represented to them that they had title in perpetuity to
 twelve and one-half feet, or to the center line, of the alleyway beginning at,
 and extending from the edge of the residence.  However, we find the deed and
 referenced plat to Appellants is clear that their title to the alleyway begins
 at the previous property line, and thus encompasses the 7.2 feet occupied by
 the residence.  Therefore, Appellants claim to the additional 7.2 feet of
 alleyway is based on the Crums oral representations.  Because the oral
 agreement extending Appellants rights in the alleyway beyond the deed was made
 for more than one year, and was not memorialized in writing, it violated
 section 27-35-20.  See Bruce v. Durney, 341 S.C. 563, 568, 534
 S.E.2d 720, 723 (Ct. of App. 2000) (finding a written rental agreement that
 allowed a tenancy to be created orally did not eliminate the need for a written
 agreement in order for a tenancy of more than one year to be valid under the
 Statute of Frauds). 
Appellants further
 maintain Jane Crums 1999 affidavit satisfies the writing requirement of the
 statute of frauds while supplementing the existing deed and previous oral
 representations.  As a general rule, a memorandum may be made at any time
 subsequent to the execution of a contract and prior to the bringing of an
 action.  See Williston On Contracts, 4th Ed., § 29:5 (2007); 72 Am. Jur.
 2d Statute of Frauds §§ 210 to 213 (2007); 37 C.J.S. Frauds, Statute of § 104
 (2007).  While we acknowledge a proper memorandum evidencing an oral grant to
 Appellants, beyond that which was included in the deed, would be enough to
 satisfy the writing requirement in section 27-35-20, we find the 1999 affidavit
 does not meet these requirements.  [A] writing must reasonably identify the
 subject matter of the contract, sufficiently indicate a contract has been made
 between the parties, and state with reasonable certainty the essential terms of
 the agreement.  Player v. Chandler, 299 S.C. 101, 106, 382 S.E.2d 891,
 895 (1989) (citing Restatement (Second) of Contracts § 131 (1981)).  
The 1999 affidavit before
 us appears to merely reiterate that the Crums showed and orally stated the extent
 of the alleyway included in the sale, and that it was the same as described in
 the survey plan, evidenced in the deed, and recorded in Judge Moores order.  It
 does not purport to give Appellants any more than was sold to them under the
 1986 deed.  As we decided above, the deed plainly gave Appellants only the
 twelve and one-half feet of the alleyway from the edge of their property line,
 and relies upon the order which takes note of the encroachment.  We therefore
 find Ms. Crums 1999 affidavit is insufficient to qualify as a memorandum in
 support of the oral representation of any part of the alleyway in perpetuity
 beyond that which was explicated in the deed.
Appellants put
 forth several additional arguments on appeal.[1] 
 We find these arguments are neither preserved nor ruled upon, nor relevant to
 the circuit courts determination of summary judgment before us.  Because we
 find the determination of the issue above to be dispositive in the appeal
 before us, we need not review Appellants remaining contentions.  need not review remaining issues when its determination of a prior issue
 is dispositive of the appeal).
CONCLUSION
Based on the foregoing, we hold the circuit court did not err in
 granting summary judgment.  The decision of the circuit court is accordingly
AFFIRMED.
HEARN, C.J., and KITTREDGE, J., and THOMAS, J., concur.

[1] Appellants reference arguments submitted by Heirs in
 their motion for summary judgment, but upon which the circuit court did not
 rely in granting the motion.  These include:  (1) the action is not barred by
 the statute of limitations; (2) the action is not frivolous or based on a claim
 without merit; (3) that Heirs contention the survey or plat of Lawrence be
 made the basis of his ownership is untenable; (4) Heirs have a responsibility
 to Appellants to oust Lawrence and BLT Properties as adverse possessors; and
 (5) Heirs contention Appellants have failed to prosecute the case is without
 legal basis.