21881

C. Gurnie STUCK, Respondent, v. PIONEER LOGGING MACHINERY, INC., Appellant.

(301 S. E. (2d) 552)

*James H. Watson* and *Albert Q. Taylor, Jr.,* of *Leatherwood, Walker, Todd & Mann,* Greenville, *for appellant.*

*Thomas H. Pope* and *Gary T. Pope* of *Pope & Hudgens* and *Eugene C. Griffith* of *Griffith, Mays, Foster, Kittrell & Bolt,* Newberry, *for respondent.*

March 15, 1983.

HARWELL, Justice:

Respondent initiated this indemnity suit based on strict liability and breach of implied and express warranties. The

trial court, sitting without a jury, granted respondent relief. We affirm.

Respondent, who is in the pulpwood business, contacted appellant concerning a possible purchase of mechanical harvesting equipment. Appellant's agent recommended a used Barko loader mounted on a used International truck for respondent's purposes. On January 17, 1977, one of appellant's agents drove the equipment from its place of business in Lexington, South Carolina, to the respondent's job site in Cross Hill, South Carolina, for a demonstration. Four days later, respondent purchased the equipment relying on the assurances of appellant's agent that the truck was suitable for respondent's intended use. Respondent's intended use included harvesting the timber and moving upon highways from one timber site to the next. On January 25, 1977, respondent's agent attempted to drive the equipment for the first time to a job site fifteen miles away. Within a half-mile of departure, the truck's rear axle shifted when the driver put on brakes, causing him to lose control and collide head on with an approaching vehicle. The resulting collision killed the driver of the oncoming vehicle, Mr. Hastings, and seriously injured the passenger, Mr. Woods.

Hastings' administratrix brought a wrongful death action against respondent and his driver. After a jury verdict for actual damages, respondent gave Notice of Intention to Appeal. Before the appeal ripened, however, respondent settled the suit for $97,000. Additionally, respondent settled Woods' claim for $47,000. In both cases, respondent requested appellant to participate in the suits, but appellant refused.

Respondent then initiated this action for indemnification. At trial, respondent put in uncontradicted testimony from an expert. The expert, the service manager at an International Harvester dealership, examined the wreckage after the accident. He testified that the equipment's rear axle assembly was defective: the U-bolts were loose, the bushings were worn out, and the center pin was sheared. He also testified that with a defective rear axle assembly, a driver would have trouble controlling the vehicle when he put on brakes. Additionally, he stated that in his opinion, the truck had been defective for quite some time. He also stated that an unexperienced person could not have detected the defects.

Appellant's salesman testified that he had represented the equipment he sold as roadworthy. He stated that he examined the machinery after the accident and that it appeared the rear axle had slipped causing the accident.

Appellant offered no evidence other than the transcript of the case brought by Hastings' administratrix against respondent. The trial judge refused to admit the evidence. Appellant attempted to show by the transcript that the jury found respondent negligent; therefore, if appellant was liable also, it was merely a joint tortfeasor. Under South Carolina law, there can be no indemnity among mere joint tortfeasors. *Atlantic Coast Line Railroad Company v. Whetstone*, 243 S. C. 61, 132 S. E. (2d) 172 (1963). Nevertheless, the trial judge concluded that the appellant and respondent were not joint tortfeasors. We agree.

At the outset, we acknowledge that in an action at law, on appeal of a case tried without a jury, the findings of fact will not be disturbed unless found to be without evidence which reasonably supports the judge's findings. *Townes Associates, Ltd. v. The City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976). We find ample evidence to support the findings.

We note that the modern trend concerning the right to indemnity is to look to principles of equity. According to equitable principles, a right of indemnity exists whenever the relation between the parties is such that either in law or in equity there is an obligation on one party to indemnify the other, as where one person is exposed to liability by the wrongful act of another in which he does not join. 41 Am. Jur. 2d *Indemnity* § 2 (1968); 42 C. J. S. *Indemnity* § 21 (1944). We believe appellant has an obligation to indemnify respondent.

Respondent's action is not based on negligence. He asserts that appellant is liable on grounds separate from any purported fault of his: appellant sold a defective product in an unreasonably dangerous condition, and it breached its warranty that the truck was roadworthy. This action is not based upon any claimed right of indemnity from a joint tortfeasor. Rather, it is an action to recover damages sustained by respondent from appellant's failure to ensure the safe condition of the equipment it sold respondent. Under

the facts of this case, respondent's failure to discover and correct the latent defects and correct appellant's breach of warranties cannot excuse the breach and defeat respondent's claim.

This Court allowed indemnity under somewhat similar circumstances in *South Carolina Electric and Gas Co. v. Utilities Const. Co.*, 244 S. C. 79, 135 S. E. (2d) 613 (1964). There, this Court upheld an indemnity claim by the electric company against its independent contractor who had defectively repaired a sidewalk. By ordinance the electric company was liable to a pedestrian injured due to the defective sidewalk. The contractor contended that the electric company was negligent in failing to discover and correct the defect. It alleged that its written indemnity agreement did not bind it to indemnify the electric company against liability incurred in whole or in part by the electric company's negligence. The majority of the court concluded that the electric company's action was not based upon a claimed right of indemnity from a joint tortfeasor but was instead an action to recover damages under the contractual obligation. Therefore, the joint tortfeasor rule was inapplicable. Likewise, we believe the joint tortfeasor rule is inapplicable here. Our inquiry concerns the rights and obligations of the parties under appellant's warranties and strict liability.

Under S. C. Code Ann. § 36-2-313 (1976) an express warranty is any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis for the bargain. Here, appellant's salesman expressly warranted the timber harvesting equipment. In addition, where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is, unless excluded or modified, an implied warranty that the goods shall be fit for such purpose. S. C. Code Ann. § 36-2-316 (1976). Here, appellant's salesman testified that respondent told him for what purpose he wanted to buy the equipment. As a result, the salesman recommended the Barko loader and truck which respondent bought. S. C. Code Ann. § 15-73-10 (1976) provides that one who sells a product in a defective condition unreasonably dangerous to the user or consumer or to his property

is subject to liability for physical harm caused to the ultimate user or consumer or to his property. The uncontroverted testimony shows that the equipment was defective and that the defective equipment caused the accident. Clearly, the claim for damages arose out of appellant's breach of warranties and its strict liability for selling a dangerously defective product.

Accordingly, we affirm the order of the trial judge.

Affirmed.

LEWIS, C.J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.