2154

Tracy D. BOOKMAN, Appellant v. SHAKESPEARE COMPANY and Norman Rutherford, Defendants, OF WHOM Shakespeare Company is Respondent.

(442 S.E. (2d) 183)

Court of Appeals

---

*John R. McCravy, III*, and *Bradley W. Knott*, Greenwood, *for appellant.*

*D. Clay Robinson* and *James M. Brailsford, III*, Columbia, *for respondent.*

Submitted Jan. 11, 1994.

Decided Jan. 31, 1994.

*Per Curiam:*

This is an employment handbook case. The trial judge granted summary judgment to the employer.[1] Bookman appeals. We affirm.

Bookman began working for Shakespeare in 1991. She received an employee handbook that specified immediate termination for "[e]ngaging in physical violence and fighting." It is undisputed that this handbook did not alter the at-will employment relationship. Thus, either party could terminate the employment relationship at any time for any reason.

In January 1992, Shakespeare distributed a document entitled, "Sexual Harassment Policy." It provided in pertinent part:

> Complaints of sexual harassment will be promptly and carefully investigated and all [employees] are assured that they will be free from any and all reprisal or retaliation from filing such complaint. . . . Management's investigation will include interviews with all relevant persons including the complainant, the accused, and potential witnesses.

The policy makes no reference to the existing employee handbook, nor does it contain any disclaimer on not altering the at-will employment relationship.

In February 1992, Bookman became involved in a physical altercation with a fellow employee. Management interviewed both people immediately and thereafter terminated them for violating the company policy against physical violence and fighting. Management did not interview any potential witnesses to the incident.

---

[1] Defendant Rutherford is the fellow employee who allegedly attacked the plaintiff. This appeal does not involve the claims against him personally.

Bookman does not claim she was fired in retaliation for filing a sexual harassment complaint. The only issues on appeal are: (1) whether the employer had a duty to investigate the plaintiff's claim of sexual harassment under its sexual harassment policy; (2) whether it breached this duty by failing to adequately investigate her claim; and (3) whether this breach of duty caused Bookman's termination.[2] In essence, Bookman contends that had Shakespeare adequately investigated the incident, they would have discovered the altercation resulted from sexual harassment by the fellow employee and, therefore, would not have terminated her.

Viewing the evidence and inferences in the light most favorable to Bookman, the facts are as follows: There was a history of verbal sexual harassment by the fellow employee prior to this incident. Shakespeare knew of some minor difficulties between Bookman and the fellow employee prior to the altercation, but Bookman had not advised Shakespeare of the sexual harassment prior to the post-altercation interview.

Immediately prior to the physical altercation, the fellow employee renewed his verbal sexual harassment. During this confrontation, he got "in the plaintiff's face," and his chest touched hers. They were arguing, and he was putting his finger "in her face." She slapped his hand away twice, and he thereafter put his hand on her crotch. She pushed his hand away, and he put his hand on her crotch again. She pushed it away again, and he hit her in the nose.

Shakespeare's sexual harassment policy contained a promise to "carefully" investigate harassment claims, and Shakespeare may have breached this promise. However, when Bookman was interviewed after the altercation, she denied any fighting and claimed sexual harassment for the first time. Even if Shakespeare had conducted a careful investigation, and had discovered the altercation was the result of sexual harassment by the fellow employee, it could have fired Bookman anyhow.

---

[2] The trial judge granted summary judgment to Shakespeare on Bookman's claims for assault and battery and the tort of outrage. He held these claims arose out of and in the course and scope of her employment and, therefore, her exclusive remedy was under the South Carolina Workers' Compensation Act. Bookman does not appeal this ruling.

The essence of the at-will employment doctrine is the unfettered right to terminate the employment at any time for any reason or no reason. *Small v. Springs Indus., Inc.*, 292 S.C. 481, 357 S.E. (2d) 452 (1987). In *Small*, the Supreme Court limited the employer's termination rights pursuant to an employee handbook.

Here, the only limitation on Shakespeare's right to terminate Bookman was a prohibition against retaliatory discharge for filing a sexual harassment complaint, and Bookman does not claim a violation of this prohibition. Her only argument is that the employer failed to conduct the promised investigation, and this failure caused her termination. While there may be evidence to support this argument, it is not controlling. Had the employer conducted the investigation and determined the altercation resulted from the fellow employee's sexual harassment of Bookman, Shakespeare was nevertheless free to fire Bookman for any reason or no reason except in retaliation for filing a sexual harassment complaint. Therefore, we affirm the summary judgment.

Accordingly, the appealed order is affirmed.

Affirmed.