544 S.E.2d 634

**Linda TOOMER, Laura M. Simpson, and Tammy Taylor, Personal Representatives of the Estate of Lamont Leon Livingston, Deceased, Plaintiffs,**

v.

**NORFOLK SOUTHERN RAILWAY COMPANY, South Carolina Department of Transportation, Orangeburg County, and Frankie Lee Tyler, Defendants,**

**Of whom Norfolk Southern Railway Company, is, Appellant,**

and

**Frankie Lee Tyler is Respondent.**

No. 3303.

Court of Appeals of South Carolina.

Heard Jan. 9, 2001.

Decided Feb. 20, 2001.

Rehearing Denied April 23, 2001.

Robert L. Widener, Robert W. Dibble and Robert A. Muckenfuss, all of McNair Law Firm, of Columbia, for appellant.

William P. Davis and Kirby D. Shealy, III, both of Baker, Barwick, Ravenel & Bender, of Columbia, for respondent.

GOOLSBY, Judge:

Norfolk Southern Railway Company appeals the grant of summary judgment in favor of Frankie Lee Tyler on its cross-claim for equitable indemnity. We affirm.

### FACTUAL/PROCEDURAL BACKGROUND

On May 18, 1995, Lamont Leon Livingston was riding as a passenger in a vehicle driven by Frankie Lee Tyler on South Carolina highway S–38–1029 in Orangeburg, South Carolina. As the vehicle attempted to cross a train track owned by the

Norfolk Southern Railway Company ("Norfolk Southern"), a Norfolk Southern train struck the vehicle, resulting in fatal injuries to Livingston.

On May 14, 1997, in their capacities as personal representatives of the Estate of Livingston, plaintiffs Linda Toomer, Laura M. Simpson, and Tammy Taylor commenced a survival action and a suit for wrongful death against Norfolk Southern, the South Carolina Department of Transportation, Orangeburg County, and Tyler, alleging negligence and joint and several liability. In its answer Norfolk Southern asserted cross-claims for contractual and equitable indemnity against Tyler.

Tyler moved for summary judgment on the cross-claims in both actions. In response to the motion, Norfolk Southern acknowledged that no contract existed between itself and Tyler and dropped its cross-claims for contractual indemnity. On the remaining claim for equitable indemnity, the trial court granted summary judgment, finding: (1) "the requirement of a special relationship remains the law in South Carolina"; and (2) since "[t]here was no contractual, master/servant, contractor/subcontractor or other relationship between Defendant Tyler and Norfolk Southern at the time of the collision ... no cause of action for equitable indemnity lies between Tyler and Norfolk Southern." Norfolk Southern appeals.

## LAW/ANALYSIS

Norfolk Southern argues a special relationship between the parties is not a prerequisite for recovery under a claim for equitable indemnity and, therefore, summary judgment was improper. We disagree.

## I.

Summary judgment is appropriate when it is clear there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[1] It is not appropri-

---

1. *Mosteller v. County of Lexington*, 336 S.C. 360, 520 S.E.2d 620 (1999); *Young v. South Carolina Dep't of Corrections*, 333 S.C. 714, 511 S.E.2d 413 (Ct.App.1999); Rule 56(c), SCRCP.

ate, however, where further inquiry into the facts of the case is desirable to clarify the application of the law.[2]

A party opposing a summary judgment motion on an indemnification claim, even though the motion is based primarily upon the complaint, has the two-fold burden of demonstrating a genuine issue of material fact regarding the opposing party's lack of liability and a genuine issue of material fact regarding the moving party's liability. The failure to meet this two-fold burden is fatal to the indemnification claim.[3]

All ambiguities, conclusions, and inferences arising from the evidence must be construed most strongly against the moving party.[4]

## II.

South Carolina has long recognized the principle of equitable indemnification.[5]

Indemnity is that form of compensation in which a first party is liable to pay a second party for a loss or damage the second party incurs to a third party. A right to indemnity may arise by contract (express or implied) or by operation of law as a matter of equity between the first and second party.[6]

Courts have traditionally allowed equitable indemnity in cases of imputed fault or where some special relationship

---

**2.** *Carolina Alliance for Fair Employment v. South Carolina Dep't of Labor, Licensing, & Regulation,* 337 S.C. 476, 523 S.E.2d 795 (Ct.App. 1999).

**3.** *Vermeer Carolina's, Inc. v. Wood/Chuck Chipper Corp.,* 336 S.C. 53, 64–65, 518 S.E.2d 301, 307 (Ct.App.1999) (citations omitted).

**4.** *Young,* 333 S.C. at 718, 511 S.E.2d at 415.

**5.** *See Town of Winnsboro v. Wiedeman–Singleton, Inc.,* 307 S.C. 128, 414 S.E.2d 118 (1992) (hereinafter *Winnsboro II* ) *aff'g* 303 S.C. 52, 398 S.E.2d 500 (Ct.App.1990); *Stuck v. Pioneer Logging Mach., Inc.,* 279 S.C. 22, 301 S.E.2d 552 (1983); *Addy v. Bolton,* 257 S.C. 28, 183 S.E.2d 708 (1971); *Vermeer,* 336 S.C. at 60, 518 S.E.2d at 305.

**6.** *Town of Winnsboro v. Wiedeman–Singleton, Inc.,* 303 S.C. 52, 56, 398 S.E.2d 500, 502 (Ct.App.1990) (citations omitted) (hereinafter *Winnsboro I* ), *aff'd,* 307 S.C. 128, 414 S.E.2d 118 (1992).

exists between the first and second parties.[7] According to the principles of equity, the right exists "whenever the relation between the parties is such that either in law or in equity there is an obligation on one party to indemnify the other, as where one person is exposed to liability by the wrongful act of another in which he does not join." [8]

In *Winnsboro I*,[9] this court was asked to determine the indemnification issues between a contractor and subcontractor named as codefendants in a suit alleging breach of contract, negligence, and fraud. The general contractor, Turner–Murphy Company, was hired to construct a waste water treatment facility for the Town' of Winnsboro. Turner–Murphy, in turn, hired the subcontractor, Specialty Constructors, Inc., to manufacture and install the filter system to be used in the facility. When the facility failed to operate properly, Winnsboro brought suit against both Turner–Murphy and Specialty. The jury awarded Winnsboro actual and punitive damages against Specialty but exonerated Turner–Murphy on all claims. Thereafter, the trial judge directed a verdict in favor of Turner–Murphy on its cross-claim for indemnity against Specialty. Specialty appealed and we affirmed.

In *Winnsboro II*, our supreme court granted certiorari to review this court's decision in *Winnsboro I*. In so doing, the supreme court addressed the requirement of a special relationship between indemnitee and indemnitor.

The court began by comparing the facts of *Winnsboro* with its earlier case of *Addy v. Bolton*.[10] In *Addy*, the court found an innocent landlord may recover under a theory of indemnity when it is forced to reimburse its tenant for a loss caused by a negligent third party. Bolton, the landlord, hired C.Y. Thomason Company, a general contractor, to make repairs to a store it leased to Addy. Thomason's welding work started a

---

7. *First Gen. Servs. v. Miller*, 314 S.C. 439, 445 S.E.2d 446 (1994); *Vermeer*, 336 S.C. at 60, 518 S.E.2d at 305; *Winnsboro I*, 303 S.C. at 57, 398 S.E.2d at 503.

8. *Stuck*, 279 S.C. at 24, 301 S.E.2d at 553.

9. 303 S.C. 52, 398 S.E.2d 500 (Ct.App.1990).

10. 257 S.C. 28, 183 S.E.2d 708 (1971).

fire which damaged the stock and merchandise in Addy's retail jewelry store. Addy commenced suit against both Bolton and Thomason. The *Winnsboro II* court explained:

> The relationship between Bolton, the owner, and [Thomason], the contractor, was sufficient in [*Addy*] to allow Bolton to recover his attorney fees and costs for defending the negligence of [Thomason]. [Thomason] negligently burned Bolton's building. Because of [Thomason's] negligence *toward Bolton*, Bolton was forced to defend in an action brought by Addy. *We think the relationship here [in Winnsboro II] between Turner–Murphy, the contractor, and Specialty Constructors, the subcontractor, sufficiently analogous to the relationship in Addy v. Bolton*, 257 S.C. 28, 183 S.E.2d 708 (1971), to allow Turner–Murphy to recover attorney fees and costs expended in defending the negligence of Specialty Constructors.[11]

The court went on to state that "a sufficient relationship exists when the at-fault party's negligence or breach of contract is *directed at the non-faulting party* and the non-faulting party incurs attorney fees and costs in defending itself against the other's conduct." [12]

In light of our supreme court's decision in *Winnsboro II*, we concur with the finding of the trial judge. In order to sustain a claim for equitable indemnity, the existence of some special relationship between the parties must be established.[13]

---

11. *Winnsboro II*, 307 S.C. at 131, 414 S.E.2d at 120 (emphasis added).

12. *Id.* at 132, 414 S.E.2d at 121 (emphasis added).

13. *See, e.g., First Gen. Servs. v. Miller*, 314 S.C. 439, 443, 445 S.E.2d 446, 448 (1994) ("We hold that the relationship of contractor/subcontractor is a sufficient basis to support a claim of equitable indemnification."); *Stuck*, 279 S.C. at 22, 301 S.E.2d at 552 (holding purchaser of defective vehicle was entitled to indemnification from seller where purchaser was sued by a third party for an accident caused by the defective condition); *Addy*, 257 S.C. at 28, 183 S.E.2d at 708 (holding landlord entitled to indemnification from general contractor for damage contractor caused to tenant's property); *Griffin v. Van Norman*, 302 S.C. 520, 397 S.E.2d 378 (Ct.App.1990) (holding house vendor entitled to indemnification from exterminator for settlement reached with purchaser where vendor had no knowledge that exterminator's wood infestation report issued to seller was false); *Cf. Vermeer Carolina's, Inc. v. Wood/Chuck Chipper Corp.*, 336 S.C. 53, 67, 518 S.E.2d 301, 309

## CONCLUSION

In reviewing a ruling by the trial court on equitable indemnity, this Court must look beyond the complaint.[14]  The Record on Appeal, however, is devoid of any relationship between Norfolk Southern and Tyler other than their relationship as co-defendants.  The lack of any special relationship between the parties is, therefore, fatal to Norfolk Southern's claim for equitable indemnity from Tyler.

**AFFIRMED.**

CURETON and CONNOR, JJ., concur.

---

(Ct.App.1999) ("Parties that have no legal relation to one another and who owe the same duty of care to the injured party share a common liability and are joint tortfeasors without a right to indemnity between them.").

**14.**  *Winnsboro II,* 307 S.C. at 132, 414 S.E.2d at 121.