THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Victor L. Smalls,       
Appellant,
 
 
 

v.

 
 
 
Fuji Photo Film, Inc.,       
Respondent.
 
 
 

Appeal From Greenwood County
Gary E. Clary, Circuit Court Judge

Unpublished Opinion No. 2003-UP-480
Heard June 10, 2003  Filed August 7, 2003 

AFFIRMED

 
 
 
Steven M. Krause and Mary C. McCormac, both of Anderson, for 
 Appellant.
Richard J. Morgan  and Reginald W. Belcher, both of Columbia, 
 for Respondent.
 
 
 

PER CURIAM: Victor Smalls brought this action 
 against Fuji Photo Film, Inc. alleging breach of contract and breach of covenant 
 of good faith and fair dealing arising out of the parties previous employment 
 relationship.  The circuit court granted summary judgment in favor of Fuji. 
  We affirm.
FACTS/PROCEDURAL HISTORY
Smalls was hired by Fuji in September 1995 
 as a light room technician in the color paper factory located in Greenwood. 
 In October 1997, Smalls heard a department manager, Darrell Dunning, broadcast 
 over a radio that someone had acted just like a Jew. Smalls found this statement 
 to be discriminatory and offensive, and he reported the incident to his direct 
 supervisor, Jerry Childress. According to Smalls, Childress discouraged him 
 from reporting the matter and warned him there would be repercussions if he 
 reported the incident. 
Smalls reported the incident to Fujis human 
 resources director, Debbie Walling. When Smalls first approached Walling he 
 asked whether a hypothetical situation involving the just like a Jew statement 
 would be considered offensive. According to Smalls, Walling encouraged him to 
 inform her if someone had made that statement.  Smalls stated that Walling promised 
 him that his name would be kept confidential if he reported the incident. Smalls 
 then told Walling about Dunnings  just like a Jew comment. 
Walling claims that the incident reported 
 by Smalls was promptly investigated and that Dunning was warned to avoid using 
 such comments in the future. Walling further stated that Smallss name was never 
 revealed during the investigation. However, prior to her meeting with Smalls, 
 Walling had a discussion with Dunning in which she informed him that Smalls 
 had requested to meet with her.  After her meeting with Smalls, Walling went 
 to Dunning to discuss Smallss allegations. Walling admitted that based on her 
 previous conversation with him, Dunning deduced that it was Smalls who reported 
 the incident.  According to  Walling, Dunning agreed that he should not have 
 made the statement in the workplace, that it would never happen again, and that 
 Smalls would not be treated any differently for having made the complaint. 
In March 1998, Fuji terminated Smallss 
 employment.  According to Fuji, Smalls was fired based on his job and safety 
 performance which had progressively deteriorated during the last year of his 
 employment despite repeated warnings and efforts by the company to encourage 
 Smalls to perform better. At the time of Smallss termination, Fuji had identified 
 at least ten major documented errors and performance problems that Smalls had 
 committed between March of 1997 and January of 1998. These errors included numerous 
 safety violations, poor job performance, and several altercations between Smalls 
 and his co-workers. Immediately prior to Smallss termination, at least four 
 Fuji employees indicated that they had witnessed him commit safety violations 
 and reported the incidents to their supervisors. 
Smalls admitted that he had committed safety 
 violations but claimed that  Fuji tolerated these violations in the past.  Smalls 
 stated that he believed he was being retaliated against for reporting the comment 
 made by Dunning. In March of 1997, Smallss job evaluation was very positive, 
 but his evaluations in December of 1997 and March of 1998 were not. Smalls stated 
 that he believed he received poor evaluations after reporting the incident because 
 his supervisors were retaliating against him for reporting Dunning.  Fuji indicated 
 that Smallss job performance had drastically deteriorated and that he was terminated 
 because of his poor job and safety performance. Fuji also indicated that it 
 did not retaliate in any way against Smalls following the complaint against 
 Dunning.  In fact, Fuji claimed: [B]ecause Mr. Smalls had complained regarding 
 a potential race discrimination issue, the Company actually treated him more 
 leniently than it otherwise would have when Mr. Smalls continually disrupted 
 meetings and his job and safety performance progressively deteriorated. 
In July 1999, Smalls filed an action 
 against Fuji in federal court alleging retaliation in violation of Title VII 
 of the 1964 Civil Rights Act, breach of contract, and breach of the implied 
 covenant of good faith and fair dealing.  The federal district court issued 
 an order granting Fuji summary judgment as to Smallss cause of action alleging 
 retaliation in violation of Title VII. The district court declined to address 
 Smallss remaining two causes of action under South Carolina law on the basis 
 that the district court had dismissed all claims over which it had original 
 jurisdiction. Smalls then filed action in state court alleging the following 
 causes of action: (1) breach of contract based on Fujis failure to maintain 
 the confidentiality of his internal complaint; (2) breach of contract based 
 on Fujis retaliation toward him following the internal complaint; (3) breach 
 of covenant of good faith and fair dealing based on Fujis breaches of contract. 
 Smalls alleged that Fujis employee handbook altered his status as an at-will 
 employee and constituted an employment contract.  Specifically, Smalls alleged 
 that Fuji violated its provision of the employee handbook regarding Equal Employment 
 Opportunity Policy and Procedure.  This provision stated:

If you feel you are a victim of sexual harassment or any 
 other type of adverse employment action on the basis of your sex, race, color, 
 religion, national origin, age, handicap or veteran statute, you should immediately 
 report the matter to your supervisor, if appropriate.  Alternatively you may 
 report directly to the Director of Human Resources.  Your disclosure will be 
 held in the utmost confidence and you will be protected against any retaliatory 
 action by those involved.

Fuji filed a motion for summary judgment, 
 and a hearing was held before the circuit court. The circuit court granted Fujis 
 motion.  This appeal follows.
STANDARD OF REVIEW
Summary judgment is appropriate when it is clear 
 there is no genuine issue of material fact and the moving party is entitled 
 to judgment as a matter of law. Toomer v. Norfolk S. Ry. Co., 344 S.C. 
 486, 489, 544 S.E.2d 634, 635 (Ct. App. 2001); Rule 56(c) SCRCP.  Summary judgment 
 is not appropriate[, however,] where further inquiry into the facts of the 
 case is desirable to clarify the application of the law.  Carolina Alliance 
 for Fair Employment v. South Carolina Dept of Labor, Licensing & Regulation, 
 337 S.C. 476, 484, 523 S.E.2d 795, 799 (Ct. App. 1999).  In determining whether 
 any triable issues of fact exist [as will preclude summary judgment], the evidence 
 and all inferences which can be reasonably drawn from the evidence must be viewed 
 in the light most favorable to the nonmoving party.  Strother v. Lexington 
 County Recreation Commn, 332 S.C. 54, 61, 504 S.E.2d 117, 121 (1998).  

LAW/ANALYSIS
I.       Breach of 
 Contract Based on Retaliation
Smalls first argues that Fuji altered his status 
 as an at-will employee by promising to protect him from retaliation for reporting 
 discriminatory actions and that Fuji breached this promise by firing him in 
 retaliation to his discrimination report.  We disagree.
In the employee handbook, Fuji merely restates 
 the language in Title VII, which prohibits an employer from retaliating against 
 employees who have: (1) opposed a practice made unlawful by an employment discrimination 
 statute or (2) participated in an investigation, proceeding, or hearing under 
 an employment discrimination statute.  42 U.S.C.A. § 2000e-3(a).   On January 
 19, 2001, the U.S. District Court concluded that Fuji had not retaliated against 
 Smalls under Title VII and that Fuji has produced a substantial showing that 
 Smalls was terminated for poor job performance and/or his inability to get along 
 with his superior. Based on this ruling, the doctrine of issue preclusion prohibits 
 Smalls from pursuing his breach of contract claim based on retaliation.
[T]he party seeking issue preclusion 
 must show that the issue was actually litigated and directly determined in the 
 prior action, and that the matter or fact directly in issue was necessary to 
 support the first judgment. Town of Sullivan's Island v. Felger, 318 
 S.C. 340, 344, 457 S.E.2d 626, 628 (Ct. App. 1995).  Factors to consider in 
 determining the defense of collateral estoppel, notwithstanding a lack of privity, 
 include whether the doctrine is used offensively or defensively, and whether 
 the party adversely affected had a full and fair opportunity to litigate the 
 relevant issue effectively in the prior action.  Pye v. Aycock, 325 
 S.C. 426, 436, 480 S.E.2d 455, 460 (Ct. App. 1997) (quoting Graham v. State 
 Farm Fire & Cas. Ins. Co., 277 S.C. 389, 390-91, 287 S.E.2d 495, 496 
 (1982)).
In Smallss case, the district court already ruled Fuji 
 had not retaliated against Smalls and that Fuji terminated Smalls for non-retaliatory 
 reasons.  Thus, Smalls is precluded from raising the same argument in this lawsuit.
II.      Breach of Contract Based on the Promise of Confidentiality 
Smalls next argues the trial court erred 
 in granting summary judgment because Fuji altered Smallss status as an at-will 
 employee by promising to keep his identity confidential after reporting discriminatory 
 actions and because Fuji breached this promise of confidentiality.   We disagree.
In Bookman v. Shakespeare Co., 
 314 S.C. 146, 442 S.E.2d 183 (Ct. App. 1994), Shakespeares sexual harassment 
 policy provided that complaints of sexual harassment would be investigated by 
 management.  When an employee, Bookman, was fired for fighting with a fellow 
 employee, she claimed that if the incident had been investigated, management 
 would have discovered the altercation resulted from the other employee sexually 
 harassing her.  The court of appeals found that the only limitation on Shakespeares 
 right to terminate Bookman was a prohibition against retaliatory discharge for 
 filing a sexual harassment complaint; thus, even if Shakespeare had indeed 
 breached its promise to investigate, Shakespeare was nevertheless free to fire 
 Bookman for any reason or no reason except in retaliation for filing a sexual 
 harassment complaint.  Id. at 149, 442 S.E.2d at 184.
In Smallss case, the district court 
 already ruled that Fuji terminated Smalls because of his insubordination, not 
 because Fuji was retaliating against him for reporting discrimination.  Therefore, 
 similar to the reasoning in Bookman, even assuming Fuji promised Smalls 
 confidentiality and subsequently breached that promise, Fuji was free to terminate 
 Smallss employment for any or no reason except in retaliation for reporting 
 discriminatory actions.  Therefore, summary judgment was properly granted in 
 favor of Fuji on this issue.
III.    Breach of the Covenants of Good Faith and Fair Dealing
Additionally, Smalls argues the trial court erred 
 in granting summary judgment as to his cause of action for breach of covenant 
 of good faith and fair dealing.  Specifically, Smalls argues that he suffered 
 loss of employment, loss of compensation, [and] loss of benefits because Fuji 
 breached the covenant of good faith and fair dealing by not protecting his confidentiality 
 and retaliating against him for reporting the incident.  
The covenant of good faith and fair dealing is 
 implied in every employment contract that alters an employees at-will status.  
 See Shelton v. Oscar Mayer Foods Corp., 319 S.C. 81, 91, 459 S.E.2d 
 851, 857 (Ct.App.), affd, 325 S.C. 248, 481 S.E.2d 706 (1997)([W]e 
 find no authoritative case law holding the implied covenant of good faith and 
 fair dealing is not applicable to employment contracts that alter the employees 
 at-will status.); Com. Credit Corp. v. Nelson Motors, Inc., 247 S.C. 
 360, 367, 147 S.E.2d 481, 484 (1966) ([T]here exists in every contract an implied 
 covenant of good faith and fair dealing.).  However, a cause of action for 
 breach of the implied covenant of good faith and fair dealing stemming from 
 an employment contract action is limited to contractual damages.  Williams 
 v. Riedman, 339 S.C. 251, 274, 529 S.E.2d 28, 40 (Ct. App. 2000) (rehearing 
 denied May 13, 2000).
Here, Smallss at-will 
 status was only altered to the extent that Fuji could not terminate him in retaliation 
 to his report of discrimination.  Because the district court made a final ruling 
 that Smalls was rightfully terminated for insubordination, Fujis termination 
 of Smalls did not breach the implied covenant of good faith and fair dealing.  
 Accordingly, the trial courts grant of summary judgment is
AFFIRMED.         
HEARN, C.J., CONNOR and STILWELL, J.J., concur.