# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Michael T. McCoy and Arcada J. McCoy, Plaintiffs,

v.

Greenwave Enterprises, Inc., d/b/a Greenwave Amoco I; Al C. Browder, Jr., a/k/a Al C. Browder, Kelly J. Browder, Douglas M. Miles and South Carolina Department of Health and Environmental Control, Defendants,

Of whom Greenwave Enterprises, Inc., d/b/a Greenwave Amoco I, Al C. Browder, Jr., a/k/a Al C. Browder and Kelly J. Browder are, Appellants,

and Douglas M. Miles, is Respondent.

Appellate Case No. 2012-212498

———————

Appeal from Dorchester County
Doyet A. Early, III, Circuit Court Judge

———————

Opinion No. 27397
Heard February 4, 2014 – Filed June 11, 2014

———————

**REVERSED AND REMANDED**

———————

Lee W. Zimmerman and Amber B. Carter, of McNair Law Firm, PA, of Columbia, and Robert C. Lenhardt, Jr., of Lenhardt Law Firm, LLC, of Charleston, for Appellants.

Andrew T. Shepherd and Katherine H. Hyland, of Hart
Hyland Shepherd, LLC, of Summerville, for Respondent.

———————

**JUSTICE KITTREDGE:**  This case involves a claim for equitable indemnification, which was denied by the trial court.  Appellants were sued by adjacent property owners regarding environmental contamination.  Appellants denied responsibility for the contamination and cross-claimed against the previous property owner, who was responsible for the damage.  Because Appellants were not responsible for the ground contamination, the trial court granted summary judgment in favor of Appellants but declined to award Appellants the attorney's fees and costs incurred in defending the lawsuit.  We reverse and remand.

## I.

In 1981, Respondent Douglas M. Miles purchased a parcel of property (Property) in Dorchester County, South Carolina, and began operating a service station.  In July 1989, Miles discovered a petroleum leak from the underground storage tanks on the property.  Shortly thereafter, the Department of Health and Environmental Control (DHEC) confirmed the release, for which it determined Miles was responsible, and began remediation activities.  Subsequently, DHEC continued to monitor the site through periodic groundwater sampling.  In 2003, DHEC discovered that several groundwater monitoring wells were destroyed and demanded that Miles replace them.[1]

In May 2004, Miles entered into a purchase agreement to sell the Property and service station to Appellants.  Despite his knowledge of the groundwater and environmental contamination of the Property, as well as DHEC's monitoring of the situation, Miles failed to disclose this information to the Appellants.  Miles represented in the purchase agreement that no claim, litigation, proceeding, or investigation was pending or threatened that would materially and adversely affect the Property.

## II.

In 2007, adjacent property owners (the McCoys) filed an action against DHEC and Appellants alleging that their property was damaged by the petroleum release.  Appellants cross-claimed against Miles for breach of the purchase agreement and

---

[1] Miles did not replace the destroyed wells until September 2006.

equitable indemnification for the attorney's fees and costs they incurred defending the McCoys' lawsuit.  After discovery concluded, the trial court granted summary judgment in favor of Appellants as to the McCoys' claims and as to Appellants' cross-claim against Miles.  Specifically, the trial court found that Miles breached the purchase agreement by failing to disclose the petroleum release and destruction of the monitoring wells.[2]  The trial court found Miles was liable for "all costs and expenses incurred by the [Appellants] resulting from the [McCoys] instituting this action against the [Appellants]."  However upon Miles's motion for reconsideration, the trial court modified its earlier order to exclude the award of attorney's fees.  Appellants filed an appeal, which we certified pursuant to Rule 204(b), SCACR.

## III.

"[A] right of indemnity exists whenever the relation between the parties is such that either in law or in equity there is an obligation on one party to indemnify the other, as where one person is exposed to liability by the wrongful act of another in which he does not join."  *Stuck v. Pioneer Logging Mach., Inc.*, 279 S.C. 22, 24, 301 S.E.2d 552, 553 (1983) (citations omitted).  In cases of either contractual or equitable indemnification, "reasonable attorney['s] fees incurred in resisting the claim indemnified against may be recovered as part of the damages and expenses."  *Addy v. Bolton*, 257 S.C. 28, 33, 183 S.E.2d 708, 710 (1971) (quotations and citations omitted).

We have imposed two requirements on parties seeking equitable indemnification for attorney's fees.  First, "[t]he attorney['s] fees and costs must be the natural and necessary consequence of the defendant's act."  *Town of Winnsboro v. Wiedeman-Singleton, Inc.*, 307 S.C. 128, 132, 414 S.E.2d 118, 121 (1992) (citations omitted).  Second, "[i]n order to sustain a claim for equitable indemnity, the existence of some special relationship between the parties must be established."  *Toomer v. Norfolk S. Ry. Co.*, 344 S.C. 486, 492, 544 S.E.2d 634, 637 (Ct. App. 2001).  We address these in turn.

---

[2] In its order granting summary judgment for Appellants, the trial court found that Miles breached the purchase agreement.  Miles has not appealed from this portion of the trial court's order.  Thus, Miles's breach of the purchase agreement is the law of the case.  *See Austin v. Specialty Transp. Servcs.*, 358 S.C. 298, 320, 594 S.E.2d 867, 878 (Ct. App. 2004) ("A portion of a judgment that is not appealed presents no issue for determination by the reviewing court and constitutes, rightly or wrongly, the law of the case.").

Under our law, "where the wrongful act of [Miles] has involved [Appellants] in litigation with others or placed [them] in such relation with others as makes it necessary to incur expenses to protect [their] interest, such costs and expenses, including attorneys' fees, should be treated as the legal consequences of the original wrongful act and may be recovered as damages." *Addy*, 257 S.C. at 33, 183 S.E.2d at 709 (quotation omitted). "In order to recover attorneys' fees under this principle, [Appellants] must show: (1) that [Appellants have] become involved in a legal dispute either because of a breach of contract by [Miles] or because of [Miles's] tortious conduct; (2) that the dispute was with a third party—not with [Miles]; and (3) that [Appellants] incurred attorneys' fees connected with that dispute." *Id.* at 33, 183 S.E.2d at 709–10. "If the attorneys' fees were incurred as a result of a breach of contract between [Appellants and Miles, Miles] will be deemed to have contemplated that his breach might cause [Appellants] to seek legal services in [their] dispute with the third party." *Id.* at 33, 183 S.E.2d at 710.

The facts of this case clearly demonstrate that the attorney's fees and costs incurred by Appellants in defending the McCoys' lawsuit were the natural and probable consequences of Miles's breach of the purchase agreement.

First, Appellants were involved in the lawsuit filed by the McCoys only because of the petroleum release during the time period Miles owned the property and Miles's subsequent breach of the purchase agreement. Second, the underlying dispute was with a third party—the McCoys—rather than with Miles. Finally, Appellants have incurred attorney's fees and costs in connection with the lawsuit filed by the McCoys. Thus, we conclude that Appellants' attorney's fees and costs were the natural and probable consequence of Miles's breach of the purchase agreement.

There is no serious challenge whether the purchase agreement between Appellants and Miles provides a sufficient relationship to support a claim for equitable indemnification for attorney's fees and costs. This contractual relationship is similar to other relationships that are of a sufficient nature to warrant equitable indemnification. *See, e.g.*, *First Gen. Servs. of Charleston, Inc. v. Miller*, 314 S.C. 439, 443, 445 S.E.2d 446, 448 (1994) ("We hold that the relationship of contractor/subcontractor is a sufficient basis to support a claim of equitable indemnity." (citations omitted)); *Addy*, 257 S.C. at 34, 183 S.E.2d at 710 (finding that landlords were entitled to indemnification from a contractor for damage caused to a tenant's property).

Miles asserts the trial court properly denied Appellants' claim for attorney's fees, "as [Miles] was never found liable for the damages caused to the [McCoys]." (Resp't's Br. at 2). We reject Miles's argument for two reasons. First, this argument was not presented to the trial court and is not preserved for appellate review. Second, and in any event, the argument is without merit. It is true Miles reached a settlement with the McCoys, thereby precluding entry of a judgment on the underlying claim. The absence of a judgment, however, does not preclude Appellants' equitable indemnification claim. On the record before us, it is clear the groundwater and environmental contamination occurred during Miles's ownership of the Property. Moreover, Appellants' equitable indemnification claim is grounded in Miles's breach of the purchase agreement, which is the law of this case.

Because Appellants have established their entitlement to equitable indemnification, including the recovery of attorney's fees and costs, the judgment of the trial court is reversed.

## IV.

Appellants are entitled to equitable indemnification for the attorney's fees and costs that they incurred in defending the lawsuit brought by the McCoys. We reverse the decision of the trial court. The case is remanded for further proceedings and entry of judgment for Appellants on their claim for attorney's fees and costs.

**REVERSED AND REMANDED.**

**TOAL, C.J., PLEICONES, BEATTY and HEARN, JJ., concur.**