**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

William E. Danielson, Plaintiff,

v.

Tyler Beauregard, Caroline Beauregard, and Born Capital, LLC, Defendants,

Of which Born Capital, LLC, is the Appellant,

And

Of whom Caroline Beauregard is the Respondent.

Appellate Case No. 2020-000278

_____

Appeal From Charleston County
Mikell R. Scarborough, Master-in-Equity

_____

Unpublished Opinion No. 2023-UP-157
Submitted March 16, 2023 – Filed April 19, 2023

_____

**AFFIRMED**

_____

R. Patrick Flynn, of Pope Flynn, LLC, of Charleston; and Michael Wade Allen, Jr., of Buxton and Collie, LLC, of Mount Pleasant, for Appellant.

Andrew F. Lindemann, of Lindemann Law Firm, P.A., of Columbia, for Respondent.

_____

**PER CURIAM:**  This appeal arises from a cross-claim between a lease guarantor, Born Capital, LLC, and a lessee, Caroline Beauregard.  The master dismissed Born's cross-claim for equitable indemnification finding the requisite special relationship did not exist between Caroline and Born to justify its claim.  We affirm.

1.  The master did not err in examining the relationship between Born and Caroline as that of employer and employee's spouse.  *See Rhett v. Gray*, 401 S.C. 478, 489, 736 S.E.2d 873, 884 (Ct. App. 2012) (noting that although equity cases have a broad standard of review, "the appellant is not relieved of the burden of convincing this court the trial court committed error in its findings"); *id*. at 498, 736 S.E.2d at 884 ("In order to sustain a claim for equitable indemnity, the existence of some special relationship between the parties must be established." (quoting *Toomer v. Norfolk S. Ry. Co.,* 344 S.C. 486, 492, 544 S.E.2d 634, 637 (Ct. App. 2001))); *Rock Hill Tel. Co. v. Globe Commc'ns*, 363 S.C. 385, 390 n.3, 611 S.E.2d 235, 237 n.3 (2005) (noting this special relationship "must be some kind of relationship between the parties beyond the relationship established by virtue of one party alleging that he was sued because of another's wrongdoing"); *Rhett*, 401 S.C. at 498, 736 S.E.2d at 884 ("[A] sufficient relationship exists [for indemnification] when the at-fault party's negligence or breach of contract is directed at the non-faulting party and the non-faulting party incurs attorney fees and costs in defending itself against the other's conduct." (alterations in original) (quoting *Town of Winnsboro v. Wideman-Singleton, Inc.,* 307 S.C. 128, 132, 414 S.E.2d 118, 121 (1992))).  Born maintains the proper lens through which to view the relationship is that of lease guarantor and lessee and argues the ultimate question is whether the harm to it from Caroline and her husband Tyler Beauregard's breach of the lease was foreseeable.  Caroline testified she never saw the lease, was not involved in negotiating the lease, and did not discuss its terms with Tyler who was a Born employee.  The record demonstrates Tyler and Born proceeded without Caroline's input in order to secure the property, to the point of signing her name on the lease and having her signature witnessed after the fact.[1]  The master found Caroline was

_____

[1] Born is a company owned by the family of Derek Haworth, Tyler's former colleague and friend.  Derek participated in securing the lease for Tyler and his family including signing as guarantor on behalf of the company and having the signatures witnessed by a third party in the company.

a party to the lease pursuant to statute by virtue of occupying the property.[2] However, occupying the property does not establish a lease guarantor/lessee relationship between Born and Caroline when she was not aware of the guaranty contained in the lease and a guaranty is not a standard part of all lease agreements. Caroline could not have foreseen that her act in abandoning the lease would result in damages to an unknown lease guarantor. Therefore, under the facts of this case, the master did not err in examining the relationship between Born and Caroline as that of employer and employee's spouse, not lease guarantor/lessee.

2.  With regard to Born's argument the master treated two equal lessees—Tyler and Caroline—differently, the prior discussion explains the two were never equal in relationships to Born. Caroline never knew about Born's role as guarantor of the lease while Tyler clearly did. Moreover, Born's equitable indemnification claim against Tyler ended in a default judgment with only the amount of damages to be determined. Therefore, the master did not err in treating the two differently even though both were considered lessees of the property.

**AFFIRMED.**[3]

**KONDUROS and VINSON, JJ., and LOCKEMY, A.J., concur.**

---

[2] The master determined Caroline was a party to the lease pursuant to section 27-40-320(b) of the South Carolina Code (2007). It provides:

> If [a] tenant does not sign and deliver a written rental agreement which has been signed and delivered to the tenant by the landlord, acceptance of possession and payment of rent without reservation gives the rental agreement the same effect as if it had been signed and delivered by the tenant.

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.